**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ABEINSA HOLDING INC., *et al.*, | Case No. 16-10790 (KJC) |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

Abeinsa Holding Inc.; Abengoa Solar LLC; Abeinsa EPC LLC; Abencor USA, LLC; Inabensa USA, LLC; Nicsa Industrial Supplies, LLC; Abener Construction Services, LLC; Abener North America Construction, LP; Abeinsa Abener Teyma General Partnership; Abener Teyma Mojave General Partnership; Abener Teyma Inabensa Mount Signal Joint Venture; Teyma USA & Abener Engineering and Construction Services General Partnership; Teyma Construction USA, LLC; Abener Teyma Hugoton General Partnership; Abengoa Bioenergy New Technologies, LLC; Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy Technology Holding, LLC; Abengoa US Holding, LLC; Abengoa US, LLC; and Abengoa US Operations, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Delaware (collectively, the "Bankruptcy Rules").

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Abengoa US Holding, LLC (6871); Abengoa US, LLC (9573); Abengoa US Operations, LLC (1268); Abeinsa Holding Inc. (9489); Abeinsa EPC LLC (1176); Abencor USA, LLC (0184); Abener Construction Services, LLC (0495); Abener North America Construction, LP (5989); Inabensa USA, LLC (2747); Nicsa Industrial Supplies LLC (9076); Teyma Construction USA, LLC (0362); Abeinsa Abener Teyma General Partnership (2513); Abener Teyma Mojave General Partnership (2353); Abener Teyma Inabensa Mount Signal Joint Venture (9634); Teyma USA & Abener Engineering and Construction Services General Partnership (6534); Abener Teyma Hugoton General Partnership (7769); Abengoa Solar, LLC (6696); Abengoa Bioenergy Biomass of Kansas (1119); Abengoa Bioenergy Hybrid of Kansas, LLC (9711); Abengoa Bioenergy Technology Holding, LLC (7424); Abengoa Bioenergy New Technologies, LLC (8466).

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent at its respective Petition Date (as defined herein) or at any time prior to its Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at its respective Petition Date or any time prior to its Petition Date.

Joaquín Fernandez de Pierola Marín, the President of Abengoa, S.A., has signed the Schedules and Statements on behalf of Abengoa US Holding, LLC; Abengoa US, LLC; Abengoa US Operations, LLC; and Abeinsa Holding Inc. Mr. Fernandez de Pierola is an authorized signatory for Abengoa US Holding, LLC; Abengoa US, LLC; Abengoa US Operations, LLC; and Abeinsa Holding Inc. In reviewing and signing the Schedules and Statements, Mr. Fernandez de Pierola necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Fernandez de Pierola has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Maria Delgado, the Corporate Controller of Abengoa Solar LLC, has signed the Schedules and Statements on behalf of Abengoa Solar LLC.  Ms. Delgado is an authorized signatory for Abengoa Solar LLC.  In reviewing and signing the Schedules and Statements, Ms. Delgado necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Ms. Delgado has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Borja Navarro Fernandez, the Chief Financial Officer and Vice President of Business Development of Abengoa, S.A., has signed the Schedules and Statements on behalf of Abener Construction Services, LLC and Abener North America Construction LP.  Mr. Navarro is an authorized signatory for Abener Construction Services, LLC and Abener North America Construction LP.  In reviewing and signing the Schedules and Statements, Mr. Navarro necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Navarro has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Emilio Rodriguez Izquierdo, the Chief Executive Officer of Inabensa USA LLC, has signed the Schedules and Statements on behalf of Inabensa USA LLC.  Mr. Rodriguez is an authorized signatory for Inabensa USA LLC.  In reviewing and signing the Schedules and Statements, Mr. Rodriguez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Rodriguez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

José Carlos Gomez, the Chief Executive Office of Nicsa Industrial Supplies LLC, has signed the Schedules and Statements on behalf of Nicsa Industrial Supplies LLC.  Mr. Gomez is an authorized signatory for Nicsa Industrial Supplies LLC.  In reviewing and signing the Schedules and Statements, Mr. Gomez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Gomez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Pedro Arturo Montoro Sanchez, the Chief Operating Officer of Abencor USA LLC, has signed the Schedules and Statements on behalf of Abencor USA LLC.  Mr. Montoro is an authorized signatory for Abencor USA LLC.  In reviewing and signing the Schedules and Statements, Mr. Montoro necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Montoro has not (and could not have) personally verified the accuracy of each statement and representation contained

in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Sebastian Felicetti, the Treasurer of Abeinsa EPC LLC, has signed the Schedules and Statements on behalf of Abeinsa EPC LLC, Abeinsa Abener Teyma General Partnership, Teyma USA & Abener Engineering and Construction Services General Partnership, Teyma Construction USA, LLC, and Abener Teyma Hugoton General Partnership.  Mr. Felicetti is an authorized signatory for Abeinsa EPC LLC, Abeinsa Abener Teyma General Partnership, Teyma USA & Abener Engineering and Construction Services General Partnership, Teyma Construction USA, LLC, and Abener Teyma Hugoton General Partnership.  In reviewing and signing the Schedules and Statements, Mr. Felicetti necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Felicetti has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Javier Ramirez, the Chief Executive Officer of Abengoa Transmission & Infrastructure, LLC, has signed the Schedules and Statements on behalf of Abener Teyma Mojave General Partnership and Abener Teyma Inabensa Mount Signal Joint Venture.  Mr. Ramirez is an authorized signatory for Abener Teyma Mojave General Partnership and Abener Teyma Inabensa Mount Signal Joint Venture.  In reviewing and signing the Schedules and Statements, Mr. Ramirez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Ramirez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Sandra Porras Serrano, the Chief Financial Officer of Abengoa Bioenergy, has signed the Schedules and Statements on behalf of Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; and Abengoa Bioenergy Technology Holding LLC.  Ms. Porras is an authorized signatory for Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; and Abengoa Bioenergy Technology Holding LLC.  In reviewing and signing the Schedules and Statements, Ms. Porras necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Ms. Porras has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description,

designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2. **Description of Cases and "As Of" Information Date**.  On March 29, April 6 and April 7, 2016 (the "<u>Petition Dates</u>," and each a "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 31, 2016, the Bankruptcy Court entered an order directing joint administration of certain of the Debtors' chapter 11 cases [D.I. 5].  On April 11, 2016, the Bankruptcy Court entered an order directing supplemental joint administration of all of the Debtors' chapter 11 cases [D.I. 67].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.  On April 13, 2016, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these chapter 11 cases [D.I. 74].

The asset information provided herein represents the asset data of the Debtors as of the close of business on March 31, 2016, except as otherwise noted.  The liability information provided herein represents the liability data of the Debtors as of each of the Debtors' respective Petition Dates, except as otherwise noted.

---

[2] Abeinsa Holding Inc.; Abengoa Solar LLC; Abeinsa EPC LLC; Abencor USA, LLC; Inabensa USA, LLC; Nicsa Industrial Supplies, LLC; Abener Construction Services, LLC; Abener North America Construction, LP; Abeinsa Abener Teyma General Partnership; Abener Teyma Mojave General Partnership; Abener Teyma Inabensa Mount Signal Joint Venture; Teyma USA & Abener Engineering and Construction Services General Partnership; and Teyma Construction USA, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on March 29, 2016.  Abener Teyma Hugoton General Partnership; Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; and Abengoa Bioenergy Technology Holding, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 6, 2016. Abengoa US Holding, LLC; Abengoa US, LLC; and Abengoa US Operations, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 7, 2016.

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the appropriate Petition Date. Additionally, because the book values of assets, including those such as intellectual property and accounts receivable, may materially differ from their fair market values, they may be listed as undetermined amounts as of the appropriate Petition Date. Furthermore, values for assets that have been fully depreciated or that were expensed for accounting purposes may not appear in these Schedules and Statements or may be listed with a value of $0 as they have no net book value. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.

4. **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the appropriate Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries and employee benefit accruals. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist or are anticipated to or

may accrue at some time in the future.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding pre-Petition Date Claims post-petition.  Prepetition liabilities that have been or may be paid post-petition under existing authorizations or any authorization that may be approved by the Bankruptcy Court after the date hereof may have been excluded from the Schedules and Statements.

7.  **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) persons in control of the Debtors, (d) affiliates, and (e) relatives of the Debtors' directors, officers or persons in control of the Debtors.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code or otherwise under applicable law. Further, the listing of a party as an "insider" is not intended to be, nor shall be, construed as a legal characterization or determination of such person as an actual insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved.  Moreover, the Debtors do not take any position with respect to (a) any insider's or Person's influence over the control of the Debtors, (b) the management responsibilities or functions of any such insider, (c) the decision making or corporate authority of any such insider, or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8.  **Intellectual Property Rights**.  Exclusion or omission of certain intellectual property shall not be construed as an admission that such intellectual property rights do not exist, have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Furthermore, the Debtors have made diligent efforts to discern whether any Debtor owns intellectual property outright or whether all or a portion of any intellectual property is licensed from a third party.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.  **Executory Contracts**.  Although the Debtors made diligent attempts to identify contracts and leases as executory and unexpired within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G.

10. **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedules E or F as "priority," (c) a Claim on Schedules E or F as "unsecured," or (d) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract or lease or to setoff of such Claims.

11. **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that liability for and amount of such Claim is not "disputed," "contingent," and/or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability, amount or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.  Finally, listing a Claim that has been or may be paid post-Petition Date does not negate the effect of the payment of such Claim, or entitle the holder of any such Claim to double payment on account of such Claim.

12. **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, liquidated or unliquidated, fixed or contingent, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Dates, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action, nor may the Schedules and Statements be used in any litigation in these or related to these chapter 11 cases.

13. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

> a.    Undetermined Amounts.  The description of an amount or value as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount or value.

b.      <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.      <u>Paid Claims</u>.    The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities may have been reduced by, satisfied by, or omitted on account of post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.      <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment, unless otherwise provided.

14. **<u>Currency</u>**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **<u>Intercompany</u>**.  Intercompany payables and receivables between the Debtors are set forth on Schedules E/F and A/B, as applicable.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

16. **<u>Setoffs</u>**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, rebates, warranties, debit memos, contract allowances, credits, and other disputes between the Debtors and their suppliers or customers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.    Employee addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

18. **Global Notes Control**.   In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary.** Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of March 31, 2016, and the liability information provided herein represents the Debtors' data regarding their liabilities as of March 31, 2016.

For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each of the Debtors on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contained unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Debtor's respective Petition Date or at any time before the Debtor's respective Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Debtor's respective Petition Date or at any time before the Debtor's respective Petition Date.

**Schedules A/B.** The Debtors are party to a significant number of executory contracts and unexpired leases. Therefore, in an effort to avoid duplication, the Debtors have provided a list of such executory contracts and unexpired leases on Schedule G only.

**Part 1.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of an Order (a) Authorizing the Debtors to (i) Continue Using Their Existing Cash Management System and (ii) Maintain Existing Bank Accounts and Business Forms; (b) Authorizing Continued Intercompany Claims; and (c) Granting Postpetition Intercompany Claims and Administrative Expense Priority*, filed on March 29, 2016 [D.I. 10] (the "Cash Management Motion") and the *Notice of Amended Schedules and Exhibits to the First Day Motions* filed on April 18, 2016 [D.I. 91].  The bank account balances listed are as of the Debtor's respective Petition Date.

**Part 2**.  The Bankruptcy Court, pursuant to the *Final Order (i) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (ii) Establishing Procedures for Resolving Objections by Utility Companies, and (iii) Prohibiting Utility Companies from Altering, Refusing, or*

*Discontinuing Service*, entered on April 27, 2016 [D.I. 131], has authorized the Debtors to provide adequate assurance of payment for future utility services, including establishing one or more utility deposit accounts. Such deposits are not listed on Schedule A/B, which reflects deposits as of the Debtor's respective Petition Date.

Additionally, the pre-payments and deposits to affiliated parties have been reconciled but may be subject to material changes in the balance.

**Part 11**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims or cross-claims as a plaintiff or counter claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Dates, they are not listed on Schedule A/B.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

Intercompany payables and receivables between the Debtors are set forth on Schedule E/F or Schedule A/B.77, as applicable. The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

**Schedule D**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

**Schedule E/F**. The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular

Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Debtors' respective Petition Dates. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Although there are multiple parties that hold a portion of the debt included in the Debtors' Capital Structure[3], only the administrative agents have been listed for purposes of the Schedules. The amounts outstanding under the Debtors' Capital Structure reflect approximate amounts as of the Petition Dates.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and reasonable commercial efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable commercial efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Debtor's respective Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability, or characterization of any contract, agreement, or lease set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

---

[3] *See Declaration of William H. Runge, III in Support of Chapter 11 Petitions and First Day Pleadings*[D.I. 3] and *Supplemental Declaration of William H. Runge, III in Support of Supplemental Joint Administration Motion* [D.I. 58].

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G notwithstanding that any such agreement may be executory. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights with respect to such agreements. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute, including the defense of the statute of frauds. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any

contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**.  Although there are multiple lenders under the Debtors' Capital Structure, only the administrative agents have been listed on Schedule H.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

**Statement 2**. Due to the international nature of the Debtors businesses, the Debtors may hold cash in a number of different currencies. The amounts reflected on Statement 2 do not include the revenue recognized from currency fluctuations.

**Statement 3**.  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.  All disbursements listed in Statement 3 are made through the Debtors' cash management system as described more fully in the Cash Management Motion.

Payments related to prepetition obligations that were issued in the prepetition period, but not honored (pursuant to Court order as described in the Cash Management Motion) until the postpetition period are not included in the response to Statement 3c.  These payments are *de minimis* in amount and detail relating to these payments can be made available, as appropriate, upon request.

**Statement 4/30.** Due to the complex corporate structure and distributed nature of operations of the Debtors and their non-debtor affiliates, the Debtors' accounting systems contain numerous intercompany transactions, some of which may be categorized as transfers, payments, distributions, or withdrawals credited to or made for the benefit of the insiders of the Debtors, while others are simply cost-accounting allocation entries. The Debtors are in the process of reviewing and itemizing intercompany transactions. However, due the volume and complexity of that task, it could not have been completed in time for filing these Statements. The Debtors continue to work diligently on identifying transfers, payments, distributions, or withdrawals responsive to Statements 4/30 and will provide the results as soon as they become available. Further, the expense reports of insiders reported herein do not include expenses made with corporate credit cards.

**Statement 10.** The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of such losses to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes. Therefore, some losses may have been excluded.

**Statements 22/23/24**.  The Debtors have operated in many locations over an extended period of time.  For certain current or former locations, the Debtors may no longer be in possession of complete records or records that are reasonably accessible and reviewable. In addition, certain individuals who possessed responsive information are no longer employed by the Debtors. For these reasons, it may not be possible to identify and supply the requested information for every "site" and "proceeding" that could potentially be responsive to Statements 22/23/24 going back to the beginning of the Debtors' operations at every site.  The Debtors have made commercially reasonable efforts to identify all applicable environmental information as required by Statements

22/23/24, with a focus on providing information from recent years and that are still active. These efforts included reviewing the Debtors' environmental records and incorporating the historical knowledge of the Debtors' employees into the Schedules and Statements to the extent applicable and practicable.

Where requested categories of information were not reasonably available for an identified location or proceeding, the Debtors have provided as much information as is reasonably available. The Debtors' responses do not include proceedings related to non-environmental laws, such as occupational safety and health laws. The Debtors also make routine reports and submissions concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions. The Debtors' responses to Statements 22/23/24 are limited to those reports and submissions that identify uncontrolled releases and hazardous materials and do not purport to identify all routine reports and submissions. The Debtors believe these efforts not only satisfy the requirements of Statements 22/23/24, but also satisfy the Debtors' objective of identifying all potential environmental liabilities so that any potential liability is brought to a resolution through these chapter 11 proceedings. To the extent a potential environmental liability has been identified through these efforts, the liability is listed on the applicable Debtor's Schedule F as a "Potential Environmental Claim." Due to data limitations and the latent nature of potential environmental liabilities, the Debtors acknowledge the possibility that potential environmental liabilities may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve all rights to correct, amend, or supplement the Schedules and Statements as necessary or appropriate.

**Statement 26d**. Abengoa, S.A., the ultimate parent company of the Debtor, filed quarterly and annual reports with the Securities and Exchange Commission ("SEC") for the preceding two years. These financial statements are publicly available and may have been used by banks, customers, governmental authorities, suppliers, rating agencies and various other interested parties.

**\* \* \* END OF GLOBAL NOTES \* \* \***

**\* \* \* SCHEDULES OR STATEMENTS BEGIN ON THE FOLLOWING PAGE \* \* \***

**Fill in this information to identify the case:**

Debtor name   Abengoa Bioenergy Technology Holding, LLC

United States Bankruptcy Court for the: _____ District of Delaware
                                                                        (State)

Case number (If known):   16-10879 _____

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

---

## Part 1:    Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ....................................................................................    $ _____ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* ...................................................................................    $ _____ 0.00
   + undetermined amounts

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* .....................................................................................    $ _____ 0.00
   + undetermined amounts

---

## Part 2:    Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ...............    $ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...........................................    $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .......................    **+** $ _____ 797,605.00

4. **Total liabilities** ..................................................................................................................    $ _____ 797,605.00
   Lines 2 + 3a + 3b

---

**Fill in this information to identify the case:**

Debtor name  Abengoa Bioenergy Technology Holding, LLC

United States Bankruptcy Court for the: _____ District of Delaware
                                                                              (State)

Case number (If known):    16-10879 _____

☐ Check if this is an
   amended filing

---

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                                   $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)         Type of account          Last 4 digits of account number

   3.1. _____    _____    ___ ___ ___ ___    $_____
   3.2. _____    _____    ___ ___ ___ ___    $_____

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____
   4.2. _____    $_____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____ 0.00

## Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____    $_____
   7.2. _____    $_____

Debtor ___Abengoa Bioenergy Technology Holding, LLC_____    Case number *(if known)* __16-10879_____
        Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____    $_____

   8.2._____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    | $            0.00 |

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    |  | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:    _____ – _____ = ........➤    $_____
                                 face amount          doubtful or uncollectible accounts

    11b. Over 90 days old:       _____ – _____ = ........➤    $_____
                                 face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    | $            0.00 |

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☒ Yes. Fill in the information below.

    |  | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. None _____    _____    $            0.00

    14.2. _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                              % of ownership:

    15.1. See attached rider _____    _____%    _____    $      Undetermined

    15.2. _____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. None _____    _____    $            0.00

    16.2. _____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    | $            0.00 |
                                                           | + undetermined amounts |

Debtor  Abengoa Bioenergy Technology Holding, LLC
_____
Name

Case number (*if known*)  16-10879
_____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | ___/___/____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | ___/___/____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | ___/___/____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | ___/___/____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| |
|---|
| $_____ 0.00 |

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor    Abengoa Bioenergy Technology Holding, LLC
          Name

Case number (*if known*) 16-10879

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No
☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor    _Abengoa Bioenergy Technology Holding, LLC_____    Case number (if known)____16-10879_____
          Name

---

**Part 8:**  **Machinery, equipment, and vehicles**

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49.  Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51.  **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____0.00

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  <u>Abengoa Bioenergy Technology Holding, LLC</u>            Case number *(if known)*  <u>16-10879</u>
          Name

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** <br> _____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites** <br> _____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties** <br> _____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations** <br> _____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property** <br> _____ | $_____ | _____ | $_____ |
| 65. **Goodwill** <br> _____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____ 0.00

Debtor    Abengoa Bioenergy Technology Holding, LLC
           Name

Case number (*if known*)    16-10879

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No
☐ Yes

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
| --- | --- |

71. **Notes receivable**

Description (include name of obligor)

None _____ − _____ = ➡    $_____ 0.00
                Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

None _____
_____                              Tax year _____    $_____ 0.00
_____                              Tax year _____    $_____
_____                              Tax year _____    $_____

73. **Interests in insurance policies or annuities**

See attached rider                                               $_____ Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

None _____                                             $_____ 0.00

**Nature of claim** _____

**Amount requested** $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None _____                                             $_____ 0.00

**Nature of claim** _____

**Amount requested** $_____

76. **Trusts, equitable or future interests in property**

None _____                                             $_____ 0.00

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

None _____                                             $_____ 0.00
_____                                                  $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                $_____ 0.00
                                                                 + undetermined amounts

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No
☐ Yes

Debtor    Abengoa Bioenergy Technology Holding, LLC                Case number *(if known)*____16-10879_____
          Name

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $_____0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____0.00 <br> + undetermined amounts | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ...................................➔ | | $_____0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $_____0.00 <br> + undetermined amounts | |
| 91. **Total.** Add lines 80 through 90 for each column. ............................91a. | $_____0.00 <br> + undetermined amounts | **+** 91b. $_____0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. ......................................................... ...    $_____0.00
                                                                                                              + undetermined amounts

Debtor Name: Abengoa Bioenergy Technology Holding, LLC                              Case Number: 16-10879

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture

| Name of entity | % of ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Abengoa Bioenergy New Technologies, LLC | 100 | N/A | Undetermined |
| | | **TOTAL** | **$0.00**<br>**+ undetermined amounts** |

Debtor Name: Abengoa Bioenergy Technology Holding, LLC                    Case Number: 16-10879

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| AIG EUROPE LIMITED | Directors & Officers | EA13DO1182 | Undetermined |
| | | **TOTAL** | **$0.00** **+ undetermined amounts** |

**Fill in this information to identify the case:**

Debtor name     Abengoa Bioenergy Technology Holding, LLC

United States Bankruptcy Court for the: _____    District of  Delaware
                                                                              (State)

Case number (If known):  16-10879 _____

☐ Check if this is an
   amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1** Creditor's name

Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

Describe debtor's property that is subject to a lien

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

**2.2** Creditor's name

Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

Describe debtor's property that is subject to a lien

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$_____ 0.00

**Fill in this information to identify the case:**

Debtor __Abengoa Bioenergy Technology Holding, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                    (State)

Case number __16-10879__
(If known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is:   $ _____   $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number    ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

**2.2** Priority creditor's name and mailing address

As of the petition filing date, the claim is:   $ _____   $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number    ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is:   $ _____   $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number    ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Debtor  Abengoa Bioenergy Technology Holding, LLC
Name

Case number (if known) 16-10879

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
ABENGOA BIOENERGY COMPANY, LLC.

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____ 797,605.00

**Basis for the claim:** Intercompany Payable

Date or dates debt was incurred    Undetermined

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____

**Basis for the claim:** _____

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____

**Basis for the claim:** _____

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____

**Basis for the claim:** _____

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.5** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____

**Basis for the claim:** _____

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____

**Basis for the claim:** _____

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

---

Debtor    Abengoa Bioenergy Technology Holding, LLC
          _____
          Name

Case number (if known) 16-10879
                       _____

---

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $_____ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $_____ 797,605.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $_____ 797,605.00 |

**Fill in this information to identify the case:**

Debtor name  Abengoa Bioenergy Technology Holding, LLC

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (If known):  16-10879 _____    Chapter  _____

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name   Abengoa Bioenergy Technology Holding, LLC

United States Bankruptcy Court for the:_____ District of Delaware
(State)

Case number (If known): 16-10879 _____

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | | ☐ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case and this filing:</b></td></tr>
<tr><td>Debtor Name</td><td><u>Abengoa Bioenergy Technology Holding, LLC</u></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of: <u>Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<i>If known</i>):<u>16-10879</u></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☒ *Schedule H: Codebtors* (Official Form 206H)

- ☒ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206–Summary)

- ☐ Amended *Schedule:* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  <u>5/5/2016</u>        ✗  <u>/s/ Sandra Porras Serrano</u>
    MM /DD/ YYYY            Signature of individual signing on behalf of debtor
                <u>Sandra Porras Serrano</u>
                Printed name
                <u>Chief Executive Officer</u>
                Position or relationship to debtor