# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ABEINSA HOLDING INC., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 16-10790 (KJC)<br><br>(Jointly Administered)<br><br>**Related Docket Nos: 746, 747, 748, 882, 941, 942, 944, 945, 947** |

## DECLARATION OF JEFFREY BLAND IN SUPPORT OF CONFIRMATION OF DEBTORS' MODIFIED FIRST AMENDED PLANS OF REORGANIZATION AND LIQUIDATION

I, Jeffrey Bland, pursuant to 28 U.S.C. § 1746, declares ("Declaration"):

1. I am the General Counsel, U.S. of Abengoa Bioenergy US Holding LLC and certain of its subsidiaries and affiliates (collectively, the "Bioenergy Debtors") that are Debtors in the Chapter 11 Cases.[2]

2. I am familiar with the operations, business affairs, financial condition and books and records of the Bioenergy Debtors, and I am authorized to submit this Declaration in support of confirmation of the Plan.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Abeinsa Holding Inc. (9489); Abeinsa EPC LLC (1176); Abencor USA, LLC (0184); Abener Construction Services, LLC (0495); Abener North America Construction, LP (5989); Abengoa Solar, LLC (6696); Inabensa USA, LLC (2747); Nicsa Industrial Supplies LLC (9076); Teyma Construction USA, LLC (0362); Abeinsa Abener Teyma General Partnership (2513); Abener Teyma Mojave General Partnership (2353); Abener Teyma Hugoton General Partnership (7769); Abener Teyma Inabensa Mount Signal Joint Venture (9634); Teyma USA & Abener Engineering and Construction Services General Partnership (6534); Abengoa US Holding, LLC (6871); Abengoa US, LLC (9573); Abengoa US Operations, LLC (1268); Abengoa Bioenergy Biomass of Kansas, LLC (1119); Abengoa Bioenergy Hybrid of Kansas, LLC (9711); Abengoa Bioenergy Technology Holding, LLC (7434); Abengoa Bioenergy New Technologies, LLC (8466); Abengoa Bioenergy Holdco, Inc. (8864); Abengoa Bioenergy Meramec Holding, Inc. (1803). The chapter 11 case of Abengoa Bioenergy Biomass of Kansas, LLC, Case No. 16-10876, pending before the Bankruptcy Court is stayed pending further order of the Court.

[2] Capitalized terms used in this Declaration that are not defined in this Declaration shall have the respective meanings ascribed to such defined terms in the *Debtors' Modified First Amended Plans Of Reorganization And Liquidation* dated December 2, 2016, filed at docket number 941, as the same may be modified, amended or supplemented (the "Plan").

3.      Except as otherwise noted, all matters set forth in this Declaration are based on (a) my personal knowledge and belief, (b) my review of the relevant documents, including the Plan and Disclosure Statement, (c) my experience and knowledge of the Bioenergy Debtors' business and financial condition, (d) information supplied to me by members of the Bioenergy Debtors' management and the Bioenergy Debtors' advisors, and/or (e) for matters involving the requirements for confirmation of the Plan under the Bankruptcy Code, my reliance on the advice of the Bioenergy Debtors' legal advisors.  If called to testify, I could and would testify to the facts set forth herein.

**Basis for Substantive Consolidation Under the Plan**

4.      For purposes of voting, confirmation, and making Distributions under the Plan, the Plan is premised upon the "substantive consolidation" of the Bioenergy Debtors into a separate and distinct Debtor group, which is referred to herein as the "Bioenergy and Maple Liquidating Debtor Group."

5.      Based on discussions with the Bioenergy Debtors' advisors, I understand that substantive consolidation is an equitable remedy that a bankruptcy court may apply in cases of affiliated debtors.  When debtors are substantively consolidated, the assets and liabilities of such debtors are pooled and essentially treated as the assets and liabilities of a single enterprise.  The Bioenergy Debtors believe that the substantive consolidation of the Bioenergy Debtors provided for under the Plan is appropriate for the following reasons.

6.      *First*, while the Bioenergy Debtors believe that they did observe appropriate corporate formalities and separateness during the prepetition period, as a practical matter, each of the Bioenergy Debtors' business lines was operated as an integrated enterprise.

7.      *Second*, while the Bioenergy Debtors believe that the Plan provides substantial benefits for creditors, including consideration to be provided by Parent, under the terms of the

global financial restructuring provided for in the Master Restructuring Agreement, those substantial benefits are available to creditors only to the extent that the partial substantive consolidation provided for in the Plan occurs. Because the Debtors included in the Bioenergy and Maple Liquidating Debtor Group have little or no assets, except for intercompany claims which are subject to setoff and other defenses (as well as significant questions regarding collectability) the recovery to the creditors of such Bioenergy Debtors largely comprises a monetary contribution from the Parent. Accordingly, the Bioenergy Debtors believe that the Plan's partial substantive consolidation structure into four groups is beneficial to creditors.

8. *Third*, partial substantive consolidation will also avoid the onerous costs and substantial delay that would result from attempting to confirm four separate entity plans (each a "Separate Entity Plan") for the Bioenergy Debtors. A Separate Entity Plan will be prone to inaccuracies that may prejudice certain creditors, and could be the focus of protracted and lengthy litigation by parties contending that their obligations lie with specific Bioenergy Debtors. The attendant delay from such litigation could threaten the Bioenergy Debtors' consummation of such plans in a timely manner. Even if the Estates of the Bioenergy Debtors were exposed to such a risk and cost, that it realistically cannot afford, there would still be no assurances that the information contained therein would be accurate on an entity-by-entity basis (if even available at such time).

9. Given the significant roadblocks to the proposal of a confirmable Separate Entity Plan for the Bioenergy Debtors, the Bioenergy Debtors reviewed their organizational, operational, and financial history in order to determine if substantive consolidation is appropriate. The Bioenergy Debtors believe that partial substantive consolidation is warranted in

these Chapter 11 Cases, because of the connection of assets and liabilities of certain of the Bioenergy Debtors and the impracticality of confirming four Separate Entity Plans.

10. The Bioenergy Debtors believe that substantive consolidation is appropriate with respect to the Bioenergy Debtors because these entities were operationally entangled and materially interwoven to form a cohesive whole. Most aspects of management were consolidated and centralized, including accounting, legal, marketing, and negotiation of various contracts. Such prepetition operational entanglement impedes the formulation of a Separate Entity Plan, and justifies the proposed partial substantive consolidation structure under the applicable legal standards.

11. I understand that substantive consolidation of the Bioenergy Debtors effectively combines the assets and liabilities of these debtors for certain purposes under the Plan. I also understand that the effect of substantive consolidation of the Bioenergy Debtors under the Plan is the pooling of the assets of, and claims against, the consolidated Bioenergy Debtors, satisfying the Bioenergy Debtors' liabilities from a common fund, and combining the creditors of the consolidated Bioenergy Debtors for purposes of voting on the reorganization plan.

12. Based upon all of the foregoing, including the fact that the operations of the Bioenergy Debtors were operationally intertwined and the fact that the Parent is funding the cash proceeds for distribution to unsecured creditors, substantive consolidation of the Bioenergy Debtors serves the best interest of creditors in these cases.

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents of the foregoing declaration are true and correct to the best of my information and belief.

December 5, 2016

_____
Jeffrey Bland
General Counsel, Bioenergy Debtors